UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TETRA TECHNOLOGIES, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2667 |
| VERTEX SERVICES, LLC, ET AL. | SECTION "N" |

### ORDER AND REASONS

Presently before the Court is (1) Plaintiffs' "Motion for Summary Judgment" (Rec. Doc. 45) and Defendant Continental Insurance Company's ("Continental") "Re-urged Motion for Summary Judgment" (Rec. Doc. 59). On the showings made, **IT IS ORDERED** that Plaintiffs' motion for summary judgment (Rec. Doc. 45) is hereby **GRANTED IN PART** to the extent that Plaintiffs seek amounts incurred in defending claims asserted by Abraham Mayorga from Continental and Vertex Services, LLC ("Vertex"); however, the motion is **DENIED IN PART** to the extent that Plaintiffs claim fees and expenses incurred pursuing defense and indemnity against Continental and Vertex. In addition, Defendant's re-urged motion (Rec. Doc. 59) is hereby **DENIED** as stated herein.

### I. Background

For a full explanation of the background in this case, the Court hereby incorporates by reference Section I of its March 27, 2013 Order. (Rec. Doc. 21). Since that Order, the Court entered final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in favor of Plaintiffs Tetra Technologies, Inc. and Maritech Resources, Inc. (collectively, "Tetra") against Vertex and Continental. Continental appealed. (Rec. Doc. 28). The Fifth Circuit dismissed the appeal for lack

1

of jurisdiction because the Circuit found that there was no final dispositive judgment. (Rec. Doc. 34). The parties have since stipulated that Exclusion g, contained in the Marine Services Liability Policy issued by Continental to Vertex (the "Policy"), does not apply. (Rec. Doc. 44 at p. 2). The parties also stipulated as to the amount ($784,202.76) and reasonableness of Tetra's damages relating to the costs of defending and settling Mayorga's claim. (*Id.* at p. 1-2).

Tetra now moves for summary judgment claiming that Vertex and Continental are liable to reimburse Tetra in the amount of $784,202.76 as well as an additional $64,741.42, the amount Tetra spent prosecuting its claim for defense and indemnity against Vertex and Continental. (Rec. Doc. 45-1 at p. 6-7). To the contrary, Continental argues, in its re-urged motion, that it does not owe the original sum of $784,202.76 under Exclusion d of the Policy. (Rec. Doc. 59-1 at p. 2). Furthermore, Continental asserts that it does not owe additional amount of $64,741.42 based on Exclusion b of the Policy. (Rec. Doc. 48). The Court notes that at least one of the claims present in Tetra's motion differs from the claim in Continental's motion; however, the law applicable to, and the contract interpretation issues presented in, the motions are identical. Therefore, the Court addresses both motions for summary judgment in the instant Order.

## II. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265

(1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).

### III. Application of the Legal Standard

#### A. Tetra's Motion

##### 1. Costs of Defense and Indemnity (the "Original Indemnity Claim")

Tetra argues that Vertex and Continental are liable to reimburse Tetra for (1) the cost of defending Mayorga's claim (the "original indemnity claim") and (2) fees and expenses incurred in prosecuting its claim for defense and indemnity (the "supplemental indemnity claim"). (Rec. Doc. 45). The Court previously found in favor of Tetra for costs incurred defending the original indemnity claim on the grounds that Tetra was covered under the Master Service Agreement ("MSA") and the Policy because (1) the LOIA did not void Vertex's indemnity agreement and associated additional insured provisions contained in the MSA and (2) Exclusion d did not bar Tetra's coverage. (Rec. Doc. 21). The Court did not grant summary judgment based on the application of Exclusion g. (*Id.* at p. 23). The parties have since stipulated that Exclusion g does not apply. *Supra*. Therefore, Tetra proposes that the Court can enter a final judgment in the amount

of $784.202.76. For the reasons stated in the Court's previous Order (Rec. Doc. 21) and those contained in the following sections, the Court finds that summary judgment is appropriate and hereby **GRANTS** judgment in favor of Tetra in that amount against Continental and Vertex.

**2. Fees Incurred Pursuing Defense and Indemnification (the "Supplemental Indemnity Claim")**

In addition, Tetra claims that the Court should enter judgment that includes an extra $64,741.42 based on fees and expenses Tetra incurred pursuing its defense and indemnity claim against Vertex and Continental. As stated above, the parties stipulated that the MSA is an "insured contract." The parties dispute, however, whether or not the language in subpart (2) of Exclusion b ("the exception") provides coverage inclusive of Tetra's fees and expenses incurred in pursuing the supplemental indemnity amount. (Rec. Doc. 44). In its motion for summary judgment (Rec. Doc. 45), Tetra argues that the damages alleged are covered as part of the exception. (*Id.* at p.11). In its opposition to Tetra's motion for summary judgment (Rec. Doc. 59), Continental asserts that the exception covers only fees and expenses incurred defending claims for "bodily injury" or "property damage" brought by a third party. (Rec. Doc. 48 at p. 6).

The MSA, as applicable between Tetra and Vertex, states:

> It is specifically understood that should either party seek legal recourse to have the other party comply with and/or fulfill any of its legal obligations under the Agreement, the prevailing party shall be entitled to recover all reasonable attorney's fees and costs incurred in connection therewith.

MSA ¶ 16 (B). Exclusion b proscribes coverage for "bodily injury" or "property damage" for which an insured is obligated to pay pursuant to the assumption of liability in a contract or other agreement. (Rec. Doc. 59-1 at p. 18). However, the exception in Exclusion b states that the Exclusion b does not pertain to liability for damages:

4

>    (2)  Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:
>       (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract;" and
>       (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternate dispute resolution proceeding in which damages to which this insurance applies are alleged.

(*Id.*).

Under Texas law, contracts and insurance policies are construed pursuant to ordinary contract interpretation rules. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). Courts must look to the agreement as a whole to harmonize and give effect to all of the provisions contained therein so that none will be rendered meaningless. *Gilbert Tex. Const., L.P., v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). If the disputed provision concerns an exclusion from coverage, the insurer bears the burden of establishing that the particular exclusion applies. *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir.1998). If the policy language is worded such that it can be given definite or legal meaning, it is not ambiguous and the Court will construe the contract or policy as a matter of law. *Id.* However, an ambiguity "exists only if the contractual language is susceptible to two or more reasonable interpretations." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010) (citing *Schaefer*, 124 S.W.3d at 157)). Ambiguity will not arise simply because a party presents a differing or conflicting interpretation. *Id.* And, in general, an indemnitee is not entitled to recover legal fees in pursuing its right to indemnification absent express agreement declaring otherwise. *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, 841 F. Supp. 2d 988, 1007 ( E.D. La. Apr.

20, 2010) (citing *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 959 (5th Cir.1984)).

### a. Continental's Liability

Continental argues that it did not expressly agree to cover Tetra's alleged damages because the exception only provides coverage to defense of claims brought in a third-party proceeding, thereby precluding Continental's liability for the supplemental indemnity claim. In other words, Continental proposes that, even if Vertex is liable for the supplemental fees and expenses under the MSA, the Policy, on the other hand, does not afford such coverage. Tetra contends that subpart (2)(b) of the exception is at best ambiguous, if not entirely superfluous to the contract (Rec. Doc. 51 at p. 3), and therefore, its fees and expenses incurred while seeking indemnity from Continental and Vertex are "reasonable attorney fees and necessary litigation expenses" deemed to be damages because of "bodily injury" or "property damage." (Rec. Doc. 45-1 at p. 8 (citing Exclusion b subpart (2))). However, considering the terms of the Policy and the applicable law, the Court finds, contrary to Tetra's assertion, that the exception, specifically the language in subpart (2)(b), is clear and unambiguous. Therefore, the Court will construe the terms of the policy as a matter of law.

The language of the Policy expressly limits coverage to those parties insured under an "insured contract" insofar as (a) the liability for such costs has been assumed in the "insured contract;" *and* (b) "such attorney fees and litigation expenses are for ***defense* of that party *against a civil or alternative dispute resolution proceeding* in which damages to which this insurance applies are alleged**." (*See* Exclusion b (emphasis added)). Tetra is incorrect in arguing that the supplemental indemnity claim is covered under the Policy. Significantly, Tetra's own briefing cuts against its own assertions in favor of coverage. For instance, Tetra relies on the legal conclusion that all policy provisions are to be given effect so that none are rendered meaningless, *see Am. Int'l Specialty Lines Ins. Co.*, 620 F.3d at 562, and, yet, Tetra argues that Policy Exclusion b subpart

(2)(b)'s limiting language is superfluous and irrelevant. (Rec. Doc. 51 at p. 3). Furthermore, Tetra classifies its action against Vertex and Continental as "prosecutorial." (Rec. Doc. 45-1 at p. 6). In essence, Tetra's claim, by its own characterization, is *not* for damages incurred defending a claim brought against it in the proceeding in which damages, covered under the Policy, are alleged.

Putting those issues aside, absent language specifically indicating coverage for legal fees and expenses incurred while pursuing a claim for indemnity, the general rule is to prohibit coverage of that nature. *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, 841 F. Supp. 2d at 1007. Subpart (2)(b) explicitly restricts coverage to the *defense* of a covered party against a civil or other proceeding *in which* the damages asserted against that covered party are alleged. Tetra glosses over this requirement in its briefing. However, the word "and" requires that both subparts (2)(a) and (2)(b) must be met for the exception to apply. Tetra's fees and expenses do meet the criteria for coverage. Moreover, nothing in the policy indicates that fees incurred pursuing indemnity or defense are covered, and in fact, the Court finds that the Policy language specifically and clearly precludes coverage for the type of claim Tetra is asserting against Continental here. As a result, Tetra's motion for summary judgment on the supplemental indemnity claim against Continental is hereby **DENIED**.

### b. Vertex's Liability

Based on the terms of the MSA, it is clear to the Court that Vertex expressly agreed to defend and indemnify Tetra. (Rec. Doc. 21 at p. 4 and MSA ¶ 12). Because the Court finds Vertex liable for the original indemnity claim, Tetra is the prevailing party. Importantly, Paragraph 16 of the MSA states that, should either party seek legal recourse to enforce a right or obligation under the agreement, the prevailing party is entitled to all reasonable fees and expenses. (*Id.*, MSA ¶ 16 (B)). Therefore, the Court finds that Vertex is liable for all reasonable fees and expenses that Tetra

7

incurred prosecuting its claim for indemnification against Vertex. However, Vertex has not meaningfully participated in this proceeding in any fashion. Most of Tetra's briefing in this case concerns arguments asserted against Continental, not Vertex. And, Continental is not liable for any part of the supplemental indemnity claim. Consequently, Tetra fails to provide the Court with sufficient evidence demonstrating that the entire supplemental indemnity claim is attributable to Vertex alone. In other words, the Court does not have a sufficient basis to ascribe the amount that Tetra seeks here, $64,741.42, to pursuing defense and indemnity against Vertex. Thus, to the extent that Tetra seeks summary judgment against Vertex for the supplemental indemnity claim, Tetra's motion is hereby **DENIED**.

### B. Continental's Motion

Continental re-urges its previous motion for summary judgment (Rec. Doc. 14) on the grounds that Tetra, and thereby the Court by adoption, erred in applying Texas law to interpret an allegedly ambiguous provision in the Policy. (Rec. Doc. 59). Essentially, Continental's motion is a motion for reconsideration arguing, in reliance on the Texas Supreme Court opinion in *In re Deepwater Horizon*, 2015 WL 674744 (Tex. Feb. 13, 2015), that merely offering a different or contrary interpretation to a policy provision is insufficient to find ambiguity.

Continental asserts that Exclusion d is unambiguous and bars Tetra's coverage for the costs resulting from the original indemnity claim. Tetra contends that the Court was correct in finding the exclusion ambiguous and construing the policy in Tetra's favor. Exclusion d provides:

> Any obligation of the insured under a worker's compensation, United States Longshore and Harbor Worker's Compensation Act, Jones Act, Death on the High Seas Act, General Maritime Law, Federal Employer's Liability Act, disability benefits or unemployment compensation law or any similar law.

(Rec. Doc. 59-1 at p. 19). Continental focuses its argument on the language found in *Deepwater*

8

*Horizon*, to wit: "[w]hether a contract is ambiguous is a question of law for the court to decide by looking at the policy as a whole in light of the circumstances present when the contract was entered. (internal citation omitted). Disagreement about a policy's meaning does not create an ambiguity if there is only one reasonable interpretation. (internal citation omitted)." *In re Deepwater Horizon*, 2015 WL 674744, at *9. Based on that language, Continental avers that the Court mistakenly adopted Tetra's interpretation without finding that Exclusion d was ambiguous and, in addition, that Tetra's alternative interpretation was merely different or contrary, not reasonable. However, Continental misreads the Court's Order.

The Court previously found that Exclusion d was ambiguous because there was more than one reasonable interpretation of its language. (Rec. Doc. 21 at p. 17-19). The Court based its finding of ambiguity on three arguments proposed by Tetra. (*Id.* (discussing (1) the "any similar law" language, (2) Exclusions e's "employer or any other capacity" clause, and (3) illusory coverage)). Contrary to Continental's arguments, the Court was not merely adopting a different or contravening interpretation, but one it found to be reasonable under the circumstances. Therefore, there were more than one reasonable interpretation of the Policy's language, and the Court found the provision ambiguous. Finding Tetra's alternative interpretation to be reasonable, the Court construed the contract according to Texas law and in favor of Tetra. The Court does not read the *Deepwater Horizon* opinion as modifying or somehow rendering incorrect the methodology employed by this Court in its previous Order.

Considering the law and facts as applied in the previous Order, the parties' stipulations, and the findings herein, the Court does not find that Continental has presented sufficient grounds to alter its prior ruling. Accordingly, the Court finds that Exclusion d does not preclude coverage for Tetra's claim. As a result, Continental is liable for defense and indemnification costs, in the amount of

9

$784,202.76, incurred by Tetra defending the Mayorga action.

## IV. Conclusion

For the reasons stated herein, **IT IS ORDERED** that Tetra's motion (Rec. Doc. 45) is hereby **GRANTED IN PART** in that Vertex and Continental are liable for defense and indemnification costs expended in defending the Mayorga claim, totaling $784,202.76, and **DENIED IN PART** to the extent that Tetra seeks summary judgment against Continental and Vertex for fees and expenses associated with pursuing its indemnification claim. Continental's motion (Rec. Doc. 59) is hereby **DENIED** as stated herein.

New Orleans, Louisiana, this 20th day of April 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**